[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court as Motions for Alimony and Child Support pendente lite. The parties have lived separate and apart since June 1999. The plaintiff wife ("wife") lives in the marital home at 231 Canoe Hill Road, New Canaan, and the defendant husband ("husband") resides at 114 Morgan Street, Stamford. There are two minor children, JAMES SWEENY, born February 29, 1984, and LAURA SWEENY, born February CT Page 11541 20, 1986, both of whom reside with the wife. The husband is a senior executive with IBM. He earns a base income in excess of $230,000 per year, together with other compensation including a bonus and the exercise of options of approximately $450,000. His annual W-2 income has averaged well over $1,000,000 for the years 1998 through 2000. Until February of this year, the parties had operated under an informal arrangement for the payment of household bills whereby the husband deposited funds into a bank account and the wife paid the bills. Typically, there would be a modest balance left in the account for unexpected bills and expenses. The husband changed this arrangement; now there is no extra over and above the basic household bills. Both parties seek a court order to determine an appropriate level of temporary alimony and child support.
 FINDIINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-61, 46b-82, 46b-83, 46b-84, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That the gross income of the husband is at a minimum in excess of $680,000 per annum.
 2. That the presumptive basic child support is $566.00 per week; that the combined net family income of the parties is in excess of the Child Support Guidelines; and that it is equitable and appropriate to deviate from the Child Support Guidelines on the basis of the coordination of total family support [46b-215a-3 (b)(5)] and the best interest of the minor children [46b-215a-3
(b)(6)(B)].
 ORDER
IT IS HEREBY ORDERED THAT:
 1. Commencing September 1, 2001, and monthly thereafter, the husband shall pay to the wife the sum of $15,000.00 as and for pendente lite alimony, until the death of either party or further order of court, whichever shall sooner occur.
 2. Commencing September 1, 2001, and monthly thereafter, the husband shall pay to the wife the CT Page 11542 sum of $5,000.00 as and for pendente lite child support until further order of court, whichever shall sooner occur.
 3. Effective as of May 29, 2001, if any compensation from his principal employment is received by the husband in excess of his regular base salary, after normal withholding, including but not limited to his Deferred Annual Incentive, Annual Incentive, or as a result of the exercise of options, after normal withholding, that exceeds $300,000 in any calendar year, such excess compensation shall be deposited by him and maintained in an interest-bearing account, and shall not be disbursed for any purpose without the agreement of both parties or further order of this court. In the event that as of this date any monies so described shall have been received by the husband on or after May 29, 2001 and shall have been disbursed by him for any other purpose, he shall give a full account to the wife within two weeks of her demand for such an accounting.
 4. The Court hereby orders a Contingent Wage Withholding Order pursuant to Section 52-362
C.G.S. in order to secure the payment of the alimony and child support orders.
THE COURT
SHAY, J.